## Case No. 6,385.

### HENRY v. RICKETTS et al.

[1 Cranch, C. C. 545.] [1]

Circuit Court, District of Columbia. July Term, 1809.

NEW TRIAL—MISBEHAVIOR OF JUROR—DEPOSITION OF INTERESTED WITNESS—EVIDENCE—DIVIDED COURT.

1. Misbehavior of jurors is not a ground for a new trial, if it has not affected the verdict.

2. The refusal of a new trial is not error.

3. If the defendant take and return the deposition of an interested witness, he cannot object to its being read on the trial, because the witness was interested. Quaere.

4. If the court is divided upon an objection to evidence, the objection does not prevail.

[Cited in Welch v. County Court (W. Va.) 1 S. E. 340.]

In an action upon the acceptance of a bill of exchange drawn by W. Hartshorne upon the defendants [Ricketts, Newton & Co.] in favor of Ashley, and by him indorsed to Henry; the defence was that the ship Rose was transferred to Hartshorne in payment of the bill, under a contract signed by Ashley. Ashley, the indorser of the bill, and who had signed the contract, had been produced and examined by the defendants, and his deposition taken de bene esse, under the thirtieth section of the judiciary act [of 1789 (1 Stat. 80)] and the plaintiff [Henry's executor] had cross-examined him. The deposition was returned and filed, and at the trial the plaintiff offered to read the deposition. The defendants' counsel objected that it appeared from the papers that the witness was interested, both as indorser and as a guarantor of the contract. To which the plaintiff's counsel answered, that the defendant, by producing and examining the witness, had waived the objection of interest; and of that opinion was CRANCH, Chief Judge. Fitzhugh, Circuit Judge, contra. Duckett, Circuit Judge, absent. The judges being divided in opinion, it was still a question, what was the consequence of such disagreement. But THE COURT agreed that the objection did not prevail.

Verdict for defendants.

Mr. Taylor, for plaintiff, moved for a new trial upon two grounds. 1. Newly-discovered evidence. 2. Misbehavior of some of the jurors. James Harris, the bailiff who attended the jury, testified that two of the jurors, without his leave, left the room about 11 o'clock at night, and were intoxicated, (the jury

[1] [Reported by Hon. William Cranch, Chief Judge.]

being in their chamber all night.) That spiritous liquors were sent to them in their blankets. That the jury did not inform him that they had agreed upon their verdict till after the court had opened on the next morning. THE COURT refused to hear any explanation from the jurors implicated, and refused to suffer any of them to testify in regard to the misbehavior. .

CRANCH, Chief Judge, said that if the jurors implicated could be heard, it must be as witnesses; and then the other jurors must be examined, which would produce mutual recriminations; and that the general rule in this court, and in other courts, is, not to hear the testimony of jurors upon an allegation of misbehavior. THE COURT refused to grant a new trial.

Mr. Taylor, for plaintiff, wished to except to the decision of the court. THE COURT said they should not sign a bill of exceptions, as the supreme court of the United States had decided that a writ of error would not lie to the refusal of a new trial.